IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TRAVIS BAIR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cv-00769-ELH |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO WITHDRAW AS COUNSEL

Undersigned counsel, pursuant to Maryland Local Rule 101.2(a), respectfully submits this Motion to Withdraw as Counsel, and in support thereof, state as follows:

1. Undersigned counsel is currently representing Travis Bair in relation to an automobile accident on December 31st, 2015 in which Mr. Bair was injured.

2. Undersigned counsel started representing Mr. Bair in 2017 and eventually filed a complaint in this matter in March of 2020. Undersigned counsel is Mr. Bair's fourth attorney in the matter.

3. Since the filing of the case this matter it has been delayed due to COVID and then two delays due to the incarceration of Mr. Bair, first on a second-degree assault and then a violation of probation. Mr. Bair, after incarceration at the Washington County Detention Center, was sent to the Clifford T. Perkins Psychiatric Hospital due to being found not competent to stand trial. He was at Perkins from approximately January 21st, 2020 until he was discharged in February of 2021. He was diagnosed with delusional disorder and was eventually sent back to the Washington County Detention Center to await trial. He eventually pled guilty to the second-degree assault and was released and put on probation. He violated probation and then was sent back to jail.

4. Since being released from jail, Mr. Bair has been homeless. Undersigned counsel does not have an address or phone number for Mr. Bair. Undersigned counsel has limited means to contact Mr. Bair. Sporadic phone calls from Mr. Bair or limited information from his probation officer have been the only way to contact Mr. Bair. Undersigned counsel has only met with Mr. Bair one time since his latest release from jail in March of 2022 due to Mr. Bair missing other scheduled appointments.

5. Undersigned counsel has attempted to settle this matter but cannot forward a reasonable demand based on Mr. Bair's inability to grasp the reality of his injuries. He does not seem to understand that he is limited to the SF95 demand. The Defendant has made a reasonable offer but Mr. Bair has rejected said offer.

6. Undersigned counsel has contacted Mr. Bair's family regarding obtaining a guardianship but they have refused to do so.

7. Undersigned counsel is seeking to withdraw his appearance as a conflict has arisen with his client regarding the value of his case. Mr. Bair believes his case is worth a significant amount more than the original demand despite undersigned counsel review of the case with him. Undersigned counsel does not believe he can effectively represent Mr. Bair due to these conflicts.

8. Undersigned counsel has informed Mr. Bair of his intent to withdraw both verbally and via letter sent to his probation officer on or about October 6, 2022. See certified mail receipt dated October 11, 2022.

**WHEREFORE**, undersigned counsel requests that this Honorable Court:

a. Allow undersigned counsel, along with his firm, to withdraw as counsel for Mr. Bair;

b. For such other and further relief as the nature of this cause may require.

Respectfully submitted,

_____/s/_____
S. Ramani Pillai, Esq. (Bar No. 20582)
Buckel, Levasseur, Pillai & Beeman, LLC
206 Washington Street
Cumberland, Md 21502
T: (301) 759-3700
blplaw@atlanticbbn.net
*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 18th day of January 2023, a copy of the foregoing *Motion to Withdraw as Counsel* was served on counsel of record via the Court's CM/ECF system.

_____/s/_____
S. Ramani Pillai, Esq. (Bar No. 20582)
Buckel, Levasseur, Pillai & Beeman, LLC
206 Washington Street
Cumberland, Md 21502
T: (301) 759-3700
blplaw@atlanticbbn.net
*Attorney for Plaintiff*