**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **TRAVIS JEFFREY BAIR,** | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: EA-20-769 |
| **UNITED STATES OF AMERICA,** | * | |
| Defendant. | * | |

**MEMORANDUM OPINION**

Plaintiff Travis Jeffrey Bair initiated the above-captioned action against Defendant United States of America on March 23, 2020, seeking damages under the Federal Tort Claims Act, U.S.C. §§ 1346(b), 1402, and 2401, following an automobile accident with a United States Postal Service vehicle. ECF No. 1. For the reasons set forth below, this action is dismissed without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

**I.  Background**

As summarized in previous Orders (ECF Nos. 59 and 73), resolution of this action has been repeatedly delayed because of Mr. Bair's recurring unavailability and failure to engage with the Court, his prior counsel, and the United States. Many delays were due to difficulty contacting Mr. Bair and his failure to update his address with the Court as required by Local Rule 102.1(b)(iii) (D. Md. 2023).[1] ECF Nos. 59 and 73. As a result, on four separate occasions

---

[1] Mr. Bair's prior counsel repeatedly reported difficulty contacting Mr. Bair. ECF Nos. 22, 29, 34, and 43. On July 31, 2023, Mr. Bair's prior counsel filed an amended motion to withdraw as counsel, which asserted, among other things, that he was unable to maintain regular contact with Mr. Bair, who missed scheduled appointments and possessed no permanent address or telephone number. ECF No. 47. The amended motion to withdraw was granted on August 18, 2023. ECF No. 50. The Court has also experienced difficulty contacting Mr. Bair and was only successful in doing so after contacting Mr. Bair's state probation officer.

the Court has ordered Mr. Bair to show cause as to why his case should not be dismissed for failure to prosecute under Rule 41(b).  These Orders were entered on (1) July 17, 2023 (ECF No. 46); (2) August 4, 2023 (ECF No. 48); (3) December 18, 2023 (ECF No. 59); and (4) February 13, 2024 (ECF No. 73).

This action is ripe for a determination on the merits, but Mr. Bair has not taken the necessary steps to prosecute his claim.  Discovery was completed in August 2022—more than 18 months ago.  ECF Nos. 29 and 34.  A settlement conference was scheduled four times and cancelled on each occasion.  ECF Nos. 20, 21, 24, 28, and 31.  Mr. Bair was initially represented by counsel in this action but has been self-represented since August 18, 2023.  A telephone conference held on December 12, 2023, with pro bono counsel appointed to represent Mr. Bair in settlement negotiations and counsel for the United States revealed that Mr. Bair is not inclined to engage in settlement discussions.  ECF No. 57.  Trial was initially set to commence on February 5, 2024.  ECF No. 54.  However, the United States moved for a status conference because it had no means of communicating with Mr. Bair regarding pretrial matters.  ECF No. 58.  The undersigned granted this motion, vacated the trial date, and converted the pretrial conference scheduled for January 16, 2024, to a status conference.  ECF No. 59.

At the January 16, 2024 status conference, Mr. Bair declined court-appointed counsel and confirmed his desire to represent himself in this matter.  ECF No. 64.  The undersigned set a new trial date of March 11, 2024, confirmed Mr. Bair's contact information, advised the parties of the relevant pretrial deadlines, and further advised Mr. Bair of his duty to work with counsel for the United States to prepare for the upcoming trial date.  *Id.*  The following day, the undersigned issued a Bench Trial Scheduling Order.  ECF No. 67.  As discussed at the status hearing and as set forth in the Bench Trial Scheduling Order, the undersigned modified the ordinary process for

preparing the joint proposed pretrial order to require that the United States prepare the first draft of the order, to which Mr. Bair was required to respond. *Id.*

On January 29, 2024, the United States sent via FedEx an initial draft of the joint proposed pretrial order to Mr. Bair at the address he identified during the status conference. ECF No. 71; *see also* Local Rule 106.3. The United States represented that FedEx tracking information confirmed delivery to Mr. Bair's address of record. ECF No. 71. The United States requested a response from Mr. Bair by February 7, 2024, but received none. *Id.*; *see also* Local Rule 106.3. On February 12, 2024, the United States timely filed a joint proposed pretrial order that was devoid of any information from Mr. Bair, including: (1) the facts that he intends to prove at trial and the legal theories on which they are predicated; (2) his calculation of damages; and (3) his witnesses and proposed exhibits. ECF No. 71; *see also* Local Rule 106.2 (outlining the required contents of a joint proposed pretrial order).

Thereafter, on February 13, 2024, the undersigned issued an Order that directed the parties to appear in-person at the pretrial conference previously scheduled for February 21, 2024, at which time Mr. Bair was ordered to show cause as to why this action should not be dismissed for failure to prosecute under Rule 41(b). ECF No. 73. The undersigned further ordered that as part of the required showing to avoid dismissal without prejudice, on or before February 21, 2024, Mr. Bair was required to prepare and file a supplement to the joint proposed pretrial order that reflects all of the information required by Local Rule 106.2. *Id.* Mr. Bair was further advised that if he did not appear in-person, this action would be dismissed without prejudice without further notice or proceedings. *Id.*

Mr. Bair did not file a supplement to the joint proposed pretrial order or appear on February 21, 2024, as directed. ECF No. 74. At the February 21, 2024 pretrial conference, the

United States represented that Mr. Bair had telephoned counsel for the United States on February 15, 2024, and stated that he had not received the materials the United States previously sent via FedEx with confirmed delivery.  The following day, the United States resent the materials, along with a copy of the Court's February 13, 2024 Order, to Mr. Bair's address of record via FedEx.  The United States further represented that tracking information again confirmed delivery of these materials.

## II.     Discussion

Rule 41(b) provides that an action may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order."  Fed. R. Civ. P. 41(b).  "The district court had authority under Rule 41(b) to dismiss the case with prejudice, on its own motion, for failure to prosecute."  *Davis* v. *Williams*, 588 F.2d 69, 70 (4th Cir. 1978); *see also Attkisson* v. *Holder*, 925 F.3d 606, 625 (4th Cir. 2019) ("Given the inherent judicial authority to make such dismissals, a court may, in appropriate circumstances, enter such a dismissal sua sponte, even absent advance notice of the possibility of dismissal.") (internal quotation marks and citation omitted).  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Link* v. *Wabash R. Co.*, 370 U.S. 626, 629-30 (1962).

To evaluate whether such a sanction is warranted, the United States Court of Appeals for the Fourth Circuit requires consideration of four factors: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Attkisson*, 925 F.3d at 625.  Each of these factors weighs in favor of dismissal of this action.

First, Mr. Bair, who has been self-represented since August 2023, is personally responsible for his failures to comply with court orders and prosecute this action. Mr. Bair did not engage with his prior counsel and declined appointment of counsel to assist in the prosecution of this action. It cannot be said that anyone other than Mr. Bair is responsible for his failure to participate in his own case. *E.g.*, *O'Briant* v. *GAF Corp.*, Civil Action No. ELH-18-2457, 2019 WL 5625761, at *5 (D. Md. Oct. 31, 2019) ("Because plaintiff is representing himself, he is responsible for compliance with rules of court and for prosecution of his case."). Although Mr. Bair is self-represented, he nevertheless is responsible for performing all duties the Federal Rules of Civil Procedure and the Local Rules of this Court impose upon counsel. Local Rule 101.1(a). Similarly, Mr. Bair's *pro se* status does not entitle him to disregard his duty to prosecute the action he initiated and abide by court orders. *Ballard* v. *Carlson*, 882 F.2d 93, 96 (4th Cir. 1989) ("Pro se litigants are entitled to some deference from courts . . . [b]ut they as well as other litigants are subject to . . . respect for court orders without which effective judicial administration would be impossible.").

Second, Mr. Bair's failure to prosecute has caused the United States significant prejudice. This action, which was filed nearly three years ago, has been ripe for adjudication since discovery was completed in August 2022. Mr. Bair has declined to participate in multiple settlement conferences. Two trial dates have been set and subsequently vacated due to Mr. Bair's abdication of his duty to prosecute his claims. The United States—and the Court—have a complete deficit of information concerning Mr. Bair's factual and legal contentions, damages calculation, witnesses, and exhibits, which prevents resolution of this action on the merits. *E.g.*, *Crussiah* v. *Inova Health Sys.*, Civil Action No. PX-14-4017, 2017 WL 3868522, at *2 (D. Md. Sept. 5, 2017).

Third, Mr. Bair has engaged in a dilatory pattern of non-engagement with his prior counsel, the United States, and the Court.  As noted previously, this case has been significantly delayed because of difficulty contacting Mr. Bair, who has not consistently updated his address as required by Local Rule 102.1(b)(iii).  Mr. Bair's current homelessness, while unfortunate, does not relieve him of his duty to follow the Federal and Local Rules to pursue the claims he brought before this Court.  *Van Gorkom* v. *Deutsche Bank*, Civil Action No. WDQ-04-2802, 2007 WL 5065533, at *2 (D. Md. July 12, 2007), *aff'd sub nom.*, 254 F. App'x 274 (4th Cir. 2007) (granting a motion to dismiss under Rule 41(b) even though plaintiff attributed the delays in prosecuting the case to "homelessness and [ ] severe emotional distress and physical impairment").

Mr. Bair "initiated this litigation and is required to remain engaged with it."  *Adams* v. *Genesis Healthcare LLC*, Civil Action No. GLR-17-3762, 2019 WL 13471919, at *3 (D. Md. Jan. 14, 2019).  Yet, Mr. Bair has failed to engage with the United States or the Court so that this action can be tried on the merits.  Mr. Bair's most recent abdication of his pretrial responsibilities "was not an innocent, one-time mistake."  *Burton* v. *Dabiri*, Civil Action No. ELH-13-2371, 2015 WL 13215518, at *6 (D. Md. Dec. 18, 2015).  During the last seven months, on four separate occasions the Court has ordered Mr. Bair to show cause as to why this action should not be dismissed for failure to prosecute.  Even after the undersigned advised Mr. Bair at the January 16, 2024 status conference of his obligation to prepare for trial, he again failed to do so.  The length of the delay in resolving this action—which has been pending for three years and ripe for adjudication on the merits for 18 months—supports dismissal.  *E.g. id.* at *5 (recommending dismissal under Rule 41(b) where plaintiff made no effort to advance the litigation and the case had been pending for more than two years).

Finally, there is no indication that a sanction less severe than dismissal without prejudice would be effective. Mr. Bair is presently homeless and presumably does not have significant financial resources. Monetary sanctions would therefore be an ineffective sanction to spur Mr. Bair to actively prosecute his claims. *Rogler* v. *Phillips Bldg. Mental Retardation Program*, 126 F.R.D. 509, 514 (D. Md. 1989), *aff'd*, 898 F.2d 147 (4th Cir. 1990) (noting that "imposition of a fine or transfer of costs would hardly be effective" when "plaintiff has stated that she has little or no assets"). What is more, monetary sanctions will likely be more onerous than dismissal without prejudice given Mr. Bair's limited means. *E.g.*, *Tim Cheng-Chien Chang* v. *Burford*, No. 85-2224, 1986 WL 17844, at *2 (4th Cir. Oct. 9, 1986). Mr. Bair has demonstrated that further court orders are unlikely to achieve the desired result. Two trial dates have now been vacated because Mr. Bair has not pursued his claims. Mr. Bair has been warned four times that failure to prosecute this action would result in dismissal. Mr. Bair's failure to heed court orders in light of such warnings indicates that dismissal is the only appropriate sanction. *Tam Anh Pham* v. *Deutsche Bank Nat. Tr. Co.*, 583 F. App'x 216, 217 (4th Cir. 2014) ("Where a litigant has ignored an express warning that noncompliance with a court order will result in dismissal, the district court should dismiss the case.").

In light of the foregoing, Mr. Bair's complaint (ECF No. 1) is dismissed without prejudice for want of prosecution pursuant to Rule 41(b). A separate Order will follow.

Date: February 27, 2024                                    /s/
                                                     Erin Aslan
                                                     United States Magistrate Judge